IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TORINA LAROACH, Individually and** <br> **as the Personal Representative of the** <br> **Estate of SHIRLEY D. COATES** <br> 2404 Maple Cross Street <br> Accokeek, Maryland 20607 <br><br> **Plaintiff,** <br><br> v. <br><br> **BRIDGEPOINT HEALTHCARE, LLC** <br><br> SERVE:   Cogency Global Inc., Resident Agent <br>              1025 Vermont Avenue, NW, Suite 1130 <br>              Washington, DC 20005 <br><br> **Defendant.** | <br><br><br><br><br><br><br><br><br> Case No.: 1:18-cv-01096 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the Plaintiff, Torina Laroach, Individually and as the Personal Representative of the Estate of Shirley D. Coates, by and through counsel, John P. Valente, III, and The Valente Law Group, who files this Complaint against Defendant, Bridgepoint Healthcare LLC, setting forth the following:

1.     That at all time relevant, Plaintiff, Torina Laroach (hereinafter "Plaintiff"), is a citizen of the United States who is domiciled in the State of Maryland.

2.     That Plaintiff, Torina Laroach, applied for and was appointed to serve as Personal Representative of the Estate of Shirley D. Coates on February 17, 2017 after Decedent, Shirley D. Coates, died on January 30, 2017.

3.     That Defendant, Bridgepoint Healthcare LLC, was a corporation licensed to do business in the District of Columbia at all times relevant here and owned, operated, maintained, and controlled Bridgepoint Long Term After Care Hospital in the District of Columbia.

## JURISDICTION AND VENUE

4. That this Court has original jurisdiction of this claim in that the subject incident occurred within the boundaries of the District of Columbia.

5. That venue is proper in this jurisdiction under 28 U.S.C.S. § 1391(b)(2) in that a substantial part of this claim arose within the District of Columbia.

6. That venue is also proper in this jurisdiction, pursuant to 28 U.S.C.S. § 1332(a)(1), as diversity of citizenship exists between the parties and the matter in controversy exceeds the value of $75,000, exclusive of interest and cost.

7. That Plaintiff has satisfied all conditions precedent to filing this action, including providing notice to Defendant pursuant to the Medical Malpractice Proceedings Act of 2006, Title III.

## FACTS COMMON TO ALL COUNTS

8. That on or about January 23, 2017, Decedent was transferred to Bridgepoint Long Term After Care Hospital from Washington Hospital Center after being treated for such things as respiratory failure and an acute embolism.

9. That Defendant owns, operates and/or maintains Bridgepoint Long Term After Care Hospital.

10. That upon admission to Bridgepoint Long Term After Care Hospital, Decedent came under the care and treatment of Defendant, by and through its agents, servants and/or employees, at which time the Defendant listed and designated Decedent as a fall risk.

11. That despite being labeled a fall risk, Decedent was found deceased with severe trauma to Decedent's head several feet from her hospital bed on or about January 30, 2017. It was evident Decedent fell and struck her head on the floor.

12. That the cause of the Decedent's death was the negligence, recklessness, ill will, wantonness, and willful disregard for Decedent's Right by Defendant, by and through their agents, servants and/or employees, whereby Decedent was negligently dropped on the floor, and/or allowed to fall to the floor, and then intentionally, willfully, negligently and recklessly left on the floor unattended, without any medical treatment, until she died.

## COUNT I
### (Survival Action – Negligence)

13. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 12 of this Complaint.

14. That at all times relevant herein, Defendant, by and through its agents, servants and/or employees, owed a duty to Decedent to provide medical care and treatment to her consistent with all applicable standards of care.

15. That on or about January 30, 2017, Defendant, by and through its agents, servants and/or employees, undertook to provide medical care and treatment to Decedent.

16. That in undertaking such care, Defendant, by and through its agents, servants and/or employees, agreed to provide medical care and treatment to Decedent consistent with all applicable standards of care.

17. That at all times relevant herein, Defendant, by and through its agents, servants and/or employees, owed a duty to Decedent to provide medical care and treatment consistent with all applicable standards of care.

18. That notwithstanding the aforementioned duties owed to Decedent, Defendant, by and through its agents, servants and/or employees, were negligent, careless and reckless, and deviated from the applicable standards of care and generally breached its duties owed to Decedent by, among other things:

    a.    providing medical care and treatment to Decedent in violation of the applicable standards of care;

    b.    failing to properly and safely assist Decedent in walking;

    c.    failing to keep Decedent safe from harm;

    d.    failing to keep Decedent from falling;

    e.    failing to treat Decedent in a timely manner after falling and striking her head to prevent her from dying of an intracranial hemorrhage;

    f.    dropping Decedent while in the care of Defendant; and

    g.    being otherwise negligent .

19.    That as a direct and proximate result of the negligent actions of Defendant, by and through its agents, servants and/or employees, Decedent died due to intracranial hemorrhaging.

20.    That as a further direct and proximate result of the negligent actions of Defendant, by and through its agents, servants and/or employees, Decedent was caused to suffer and sustain severe and fatal injuries resulting in his tragic death. That prior to her death, Decedent suffered great conscious pain and suffering, as well as severe mental anguish and other non-economic damages.

21.    That as a further direct and proximate result of the negligent acts of Defendant, by and through their agents, servants and/or employees, Decedent and Decedent's estate has been caused to suffer economic harm in the form of funeral expenses, medical bills, and other expenses and damages.

22.    That at no time relevant hereto was the Decedent contributorily negligent nor did she assume the risk.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley D. Coates, seeks judgment against the Defendant, Bridgepoint Healthcare, LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs.

## COUNT II
### (Survival Action – Breach of Fiduciary Duty)

23. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 22 of this Complaint.

24. That Defendant and Decedent had an existing independent fiduciary relationship between each other, and thereby Defendant owed a fiduciary duty to Decedent. Therefore, Defendant had the utmost duty to carefully, diligently, and routinely watch over Decedent, to take reasonable measures to ensure the safety of Decedent, to not drop Decedent and subsequently leave Decedent on the floor severely injured, and to otherwise act consistent with all applicable standards of care.

25. That the Defendant breached his aforementioned fiduciary duties owed to Decedent in failing to carefully, diligently, and routinely watch over Decedent, in failing to take reasonable measures to ensure the safety of Decedent, in dropping Decedent and leaving her on the floor where she died, and in failing to act consistent with all applicable standards of care.

26. That as a direct and proximate result of the breach of fiduciary duty owed to Decedent, Decedent died and suffered the economic and non-economic damages alleged above.

27. That the breach of fiduciary duty by leaving Plaintiff on the floor to die after dropping her was malicious, a willful disregard for the rights of Plaintiff, and/or a wanton violation of fiduciary duty and therefore warrants a judgement of punitive damages.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley Coates, seeks judgment against the Defendant, Bridgepoint Healthcare, LLC, for the

sum of Five Million Dollars ($5,000,000.00), plus interest and costs, as well as Ten Million Dollars ($10,000,000.00) in punitive damages.

## COUNT III
### (Survival Action –D.C. Human Rights Act)

28. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 27 of this Complaint.

29. That Decedent suffered from morbid obesity which resulted in a distinctive personal appearance and/or disability that constitutes as a protected class under the District of Columbia Human Rights Act. Moreover, she was an African American female which was also a protected class under the District of Columbia Human Rights Act.

30. That due to her distinctive personal appearance and/or disability, Defendant, by and through its agents, servants, and/or employees, denied Decedent the full and equal enjoyment of the services facilities, privileges, advantages, and/or accommodations of the hospital, when dropping Decedent and leaving her on the floor, untreated, where she died.

31. That as a direct and proximate result of Defendant's, by and through its agents, servants, and/or employees, harassment, discrimination, and/or conduct, Decedent died and suffered the aforementioned economic and non-economic damages alleged above.

32. That Defendant's conduct, by leaving Plaintiff on the ground after dropping her, untreated, was committed with fraud, ill will, recklessness, wantonness, oppressiveness, and willful disregard of Decedent's rights, and therefore Defendant is subject to punitive damages.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley Coates, seeks judgment against the Defendant, Bridgepoint Healthcare, LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs, as well as punitive damages in the amount of Ten Million Dollars ($10,000,000.00.)

## COUNT V
### (Survival Action – Intentional Infliction of Emotional Distress)

33. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 32 of this Complaint.

34. That the conduct described above was extreme and outrageous, and was either recklessly done or done with the intention to cause Decedent emotional distress.

35. That Defendant, by and through its agents, servants, and/or employees, knew or should have known that its aforementioned conduct of leaving Decedent on the floor, untreated, bleeding from her head, was reasonably certain to result in emotional distress, and cause severe emotional distress to Decedent prior to her death.

36. That as a direct and proximate result of the Defendant's, intentional infliction of emotional distress upon the Decedent, Decedent suffered from mental pain, mental anguish, humiliation, embarrassment, fright, and other non-economic damages, as well as the economic damages described above, before she died.

37. That Defendant's conduct was committed with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of Decedent's rights, and/or other circumstances tending to aggravate the Decedent's injury, and therefore Defendant is subject to punitive damages.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley Coates, seeks judgment against the Defendant, Bridgepoint Healthcare LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs, as well as punitive damages in the amount of Ten Million Dollars ($10,000,000.00.)

## COUNT VI
### (Survival Action – Assault and Battery)

38. That the Plaintiff repeats and reallages as set forth fully herein the allegations contained in paragraphs 1 through 37 of this Complaint.

39. That while Decedent was in the care of Defendant, she was dropped on the floor, and intentionally left there, untreated, where Decedent died.

40. That dropping Decedent and leaving her on the floor, untreated, under these circumstances was a harmful and offensive contact with Decedent.

41. That in dropping the Decedent, and leaving her on the floor, untreated, Defendant intended to bring about a harmful and offensive contact with Decedent.

42. That as a direct and proximate result of the assault and battery caused by Defendant, Decedent died and suffered the aforementioned economic and non-economic damages.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley Coates, seeks judgment against the Defendant, Bridgepoint Healthcare, LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs, as well as punitive damages in the amount of Ten Million Dollars ($10,000,000.00.)

Respectfully submitted:

THE VALENTE LAW GROUP

John P. Valente, III (Federal ID #: 22233)
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
jvalente@jpvlawgroup.com
Counsel for Plaintiff

**JURY DEMAND**

The Plaintiff demands a trial by jury in the above-captioned matter.

John P. Valente, III