IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TORINA LAROACH, Individually and as the Personal Representative of the Estate of SHIRLEY D. COATES**<br>2404 Maple Cross Street<br>Accokeek, Maryland 20607<br><br>Plaintiff,<br><br>v.<br><br>**BRIDGEPOINT HEALTHCARE, LLC**<br><br>SERVE:   Cogency Global Inc., Resident Agent<br>1025 Vermont Avenue, NW, Suite 1130<br>Washington, DC 20005<br><br>Defendant. | Case No.: 1:18-cv-01096 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, Torina Laroach, Individually and as the Personal Representative of the Estate of Shirley D. Coates, by and through counsel, John P. Valente, III, and The Valente Law Group, who files this Amended Complaint against Defendant, Bridgepoint Healthcare LLC, setting forth the following:

1. That at all time relevant, Plaintiff, Torina Laroach (hereinafter "Plaintiff"), is a citizen of the United States who is domiciled in the State of Maryland.

2. That Plaintiff, Torina Laroach, applied for and was appointed to serve as Personal Representative of the Estate of Shirley D. Coates on February 17, 2017 after Decedent, Shirley D. Coates, died on January 30, 2017.

3. That Defendant, Bridgepoint Healthcare LLC, was a corporation licensed to do business in the District of Columbia at all times relevant here and owned, operated, maintained, and controlled Bridgepoint Long Term After Care Hospital in the District of Columbia.

## JURISDICTION AND VENUE

4.     That this Court has original jurisdiction of this claim in that the subject incident occurred within the boundaries of the District of Columbia.

5.     That venue is proper in this jurisdiction under 28 U.S.C.S. § 1391(b)(2) in that a substantial part of this claim arose within the District of Columbia.

6.     That venue is also proper in this jurisdiction, pursuant to 28 U.S.C.S. § 1332(a)(1), as diversity of citizenship exists between the parties and the matter in controversy exceeds the value of $75,000, exclusive of interest and cost.

7.     That Plaintiff has satisfied all conditions precedent to filing this action, including providing notice to Defendant pursuant to the Medical Malpractice Proceedings Act of 2006, Title III.

## FACTS COMMON TO ALL COUNTS

8.     That on or about January 23, 2017, Decedent was transferred to Bridgepoint Long Term After Care Hospital from Washington Hospital Center for ongoing care and physical therapy after being treated for such things as respiratory failure and an acute embolism.

9.     That Defendant owns, operates and/or maintains Bridgepoint Long Term After Care Hospital.

10.    That upon admission to Bridgepoint Long Term After Care Hospital, Decedent came under the care and treatment of Defendant, by and through its agents, servants and/or employees, at which time the Defendant listed and designated Decedent as a fall risk and implemented a fall risk protocol.

11.    That Defendant, by and through its agents, servants and/or employees, noted that Decedent was obese, incontinent and at risk of developing pressure ulcers.  The plan of care to

prevent pressure ulcers required her to be turned every two hours.

12.     That Decedent required oxygen for respiratory distress and had a tracheotomy that limited her vocal abilities to call for help.

13.     That a form completed by the Defendant, by and through its agents, servants and/or employees, found that Decedent required assistance for ambulating, bathing/dressing, medication administration, meals, bowel/bladder and being confined to a chair/bed.  The orders in place by Defendant reflect that these services were necessary to maintain the mental and physical health of Decedent.

14.     That despite being labeled a fall risk, Decedent was found deceased with severe trauma to Decedent's head several feet from her hospital bed on or about January 30, 2017.  The bed rails were in a raised position, indicating that Defendant, by and through its agents, servants and/or employees, had removed Decedent from her bed and raised the rails.  It was evident Decedent fell and struck her head on the floor.

15.     That § 22-932(5) of the D.C. Code defines a vulnerable adult as "a person who is 18 years of age or older and has one or more physical or mental limitations that substantially impair the person's ability to independently provide for his or her daily needs or safeguard his or her person, property, or legal interests." D.C. Code Ann. § 22-392.  Decedent, a morbidly obese, immobile, vocally impaired patient was entitled to the protection afforded to a vulnerable adult.

16.     That D.C. Code § 22-933 provides that "[a] person is guilty of criminal abuse of a vulnerable adult if that person intentionally or knowingly:

> (1) Inflicts or threatens to inflict physical pain of injury by hitting, slapping, kicking, pinching, biting, pulling hair or other corporal means;
>
> (2) Uses repeated malicious oral or written statements that would be considered by a

reasonable person to be harassing or threatening; or

**(3) Imposes unreasonable confinement or involuntary seclusion, including but not limited to, the forced separating from other persons against his or her will or the directions of any legal representative."**

D.C. Code Ann. § 22-393 (emphasis added.)

17. That D.C. Code § 22-934 provides that "a person who knowingly, willfully, or through wanton, reckless or willful indifference fails to discharge a duty to provide care and services necessary to maintain the physical and mental health of a vulnerable adult or elderly person, including but not limited to providing adequate food, clothing, medicine, shelter, supervision and medical services, that a reasonable person would deem essential for the well-being of the vulnerable adult or elderly person is guilty of criminal negligence." D.C. Code Ann. § 22-393.

18. That Defendant, by and through its agents, servants and/or employees, voluntarily agreed to assume the care of Decedent and independently assessed her health and physical capabilities.

19. That Defendant's examination, by and through is agents, servants and/or employees, found that Decedent was a vulnerable adult due to the fact that she suffered from respiratory distress, and was dependent on being provided medical oxygen, food, clothing, medicine, supervision, medical care and assistance to use the bathroom. Defendant accordingly agreed to fulfill the legal obligations as a caregiver under § 22-933 of the D.C. Code.

20. That Defendant, by and through its agents, servants and/or employees, knew that Decedent was immobile and vocally impaired such that her physical and mental health would be endangered if she was left without medical care, unsupervised and without medical monitoring equipment and a cell phone within her reach.

21. That as reflected in the D.C. Code, it is public policy that the willful, knowing, reckless

or willfully indifferent failure to provide care necessary to maintain the physical and mental health of a vulnerable adult, is criminal negligence warranting the imposition of criminal punishments, including incarceration.

22. That Defendant, by and through its agents, servants and/or employees, chose to abandon Decedent because she was disabled due to her morbid obesity, head injury and immobility. Defendant knew that Decedent was physically unable to report the violations of Defendant's duty to provide care due to a vocal disability coupled with a bleeding head wound.

23. That the cause of the Decedent's death was the negligence, recklessness, ill will, wantonness, and willful disregard for Decedent's Right by Defendant, by and through its agents, servants and/or employees, whereby Decedent was negligently dropped on the floor, and/or allowed to fall to the floor, and then intentionally, willfully, negligently and recklessly left on the floor unattended, without any medical treatment, until she died.

24. That the Interpretive Guidelines as published by CMS Section 482.13(a)(1) provides, "the hospital must inform each patient must inform each patient, or when appropriate, the patient's representative as allowed by State law, of the patient's rights. Whenever possible, this notice must be provided before providing or stopping care. All patients, inpatient or outpatient, must be informed of their rights as hospital patients. The patient's rights include all of those discussed in this condition, as well as any other rights for which notice is required under State or Federal Law or regulations for hospital patients. 42 CFR 482.11.

25. That 42 CFR 482.13(b)(2) provides that "[t]he patient or his or her representative (as allowed under State Law) has the right to make informed decisions regarding his or her care. The patient's rights include being informed of his or health status, being involved in care planning and treatment, and being able to request or refuse treatment…" 42 CFR 482.13(b)(2)

## COUNT I
### (Survival Action – Negligence)

26. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 25 of this Amended Complaint.

27. That at all times relevant herein, Defendant, by and through its agents, servants and/or employees, owed a duty to Decedent to provide medical care and treatment to her consistent with all applicable standards of care.

28. That on or about January 30, 2017, Defendant, by and through its agents, servants and/or employees, undertook to provide medical care and treatment to Decedent.

29. That in undertaking such care, Defendant, by and through its agents, servants and/or employees, agreed to provide medical care and treatment to Decedent consistent with all applicable standards of care.

30. That at all times relevant herein, Defendant, by and through its agents, servants and/or employees, owed a duty to Decedent to provide medical care and treatment consistent with all applicable standards of care.

31. That notwithstanding the aforementioned duties owed to Decedent, Defendant, by and through its agents, servants and/or employees, were negligent, careless and reckless, and deviated from the applicable standards of care and generally breached its duties owed to Decedent by, among other things:

    a. providing medical care and treatment to Decedent in violation of the applicable standards of care;

    b. failing to properly and safely assist Decedent in walking;

    c. failing to keep Decedent safe from harm;

    d.    failing to keep Decedent from falling;

    e.    failing to treat Decedent in a timely manner after falling and striking her head to prevent her from dying of an intracranial hemorrhage;

    f.    dropping Decedent while in the care of Defendant; and

    g.    being otherwise negligent .

32. That as a direct and proximate result of the negligent actions of Defendant, by and through its agents, servants and/or employees, Decedent died due to intracranial hemorrhaging.

33. That as a further direct and proximate result of the negligent actions of Defendant, by and through its agents, servants and/or employees, Decedent was caused to suffer and sustain severe and fatal injuries resulting in his tragic death. That prior to her death, Decedent suffered great conscious pain and suffering, as well as severe mental anguish and other non-economic damages.

34. That as a further direct and proximate result of the negligent acts of Defendant, by and through their agents, servants and/or employees, Decedent and Decedent's estate has been caused to suffer economic harm in the form of funeral expenses, medical bills, and other expenses and damages.

35. That at no time relevant hereto was the Decedent contributorily negligent nor did she assume the risk.


WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley D. Coates, seeks judgment against the Defendant, Bridgepoint Healthcare, LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs.

### COUNT II
### (Survival Action –D.C. Human Rights Act)

36. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations

contained in paragraphs 1 through 35 of this Amended Complaint.

37. That Decedent suffered from morbid obesity which resulted in a distinctive personal appearance and/or disability, including abdominal folds, bladder and fecal incontinence, inability to move on her own and the risk of pressure ulcers, that constitutes as a protected class under the District of Columbia Human Rights Act.

38. That due to her distinctive personal appearance and/or disability, Defendant, by and through its agents, servants, and/or employees, denied Decedent the full and equal enjoyment of the services facilities, privileges, advantages, and/or accommodations of the hospital, when dropping Decedent and leaving her on the floor, untreated, where she died.

39. That as a direct and proximate result of Defendant's, by and through its agents, servants, and/or employees, harassment, discrimination, and/or conduct, Decedent died and suffered the aforementioned economic and non-economic damages alleged above.

40. That Defendant's conduct, by leaving Plaintiff on the ground after dropping her, untreated, was committed with fraud, ill will, recklessness, wantonness, oppressiveness, and willful disregard of Decedent's rights, and therefore Defendant is subject to punitive damages.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley Coates, seeks judgment against the Defendant, Bridgepoint Healthcare, LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs, as well as punitive damages in the amount of Ten Million Dollars ($10,000,000.00.)

### COUNT III
**(Survival Action – Intentional Infliction of Emotional Distress)**

41. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 40 of this Amended Complaint.

42. That the conduct described above was extreme and outrageous, and was either recklessly

done or done with the intention to cause Decedent emotional distress.

43. That Defendant, by and through its agents, servants, and/or employees, knew or should have known that its aforementioned conduct of leaving Decedent on the floor, untreated, bleeding from her head, was reasonably certain to result in emotional distress, and cause severe emotional distress to Decedent prior to her death.

44. That as a direct and proximate result of the Defendant's, intentional infliction of emotional distress upon the Decedent, Decedent suffered from mental pain, mental anguish, humiliation, embarrassment, fright, and other non-economic damages, as well as the economic damages described above, before she died.

45. That Defendant's conduct was committed with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of Decedent's rights, and/or other circumstances tending to aggravate the Decedent's injury, and therefore Defendant is subject to punitive damages.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley Coates, seeks judgment against the Defendant, Bridgepoint Healthcare LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs, as well as punitive damages in the amount of Ten Million Dollars ($10,000,000.00.)

### COUNT IV
### (Survival Action – Fraudulent Misrepresentation)

46. That the Plaintiff repeats and reallages as set forth fully herein the allegations contained in paragraphs 1 through 45 of this Amended Complaint.

47. That Plaintiff, Torina Laroach, and her family members, were not informed about the change in Decedent's health status or decisions about her care as required by 42 CFR 482.13(b)(2) after Defendant, by and through its agents, servants and/or employees, dropped Decedent on the floor and left her there untreated.

48.   That Plaintiff should have been immediately informed about the change in Decedent's health status upon Decedent being dropped, and Defendant's failure to do so, through its agents, servants and/or employees, constitutes a false representation of a material fact.

49.   That Defendant, by and through its agents, servant's and/or employees, made this representation knowing that is was false and/or made this representation recklessly without knowing if it was true, with the intent to deceive Plaintiff.

50.   That as a result of Plaintiff's justifiable reliance on this fraudulent representation, Decedent died and suffered the aforementioned economic and non-economic damages.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley Coates, seeks judgment against the Defendant, Bridgepoint Healthcare, LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs, as well as punitive damages in the amount of Ten Million Dollars ($10,000,000.00.)

### COUNT V
### (Survival Action – Negligence Supervision)

51.   That the Plaintiff repeats and reallages as set forth fully herein the allegations contained in paragraphs 1 through 50 of this Amended Complaint.

52.   That while Decedent was in the care of Defendant, she was dropped on the floor, and intentionally left there, untreated where Decedent died.

53.   That Decedent suffered the aforementioned injuries by Defendant's failure to properly supervise its agents, servants and/or employees that were in charge of caring for Decedent.

54.   That Defendant failed to exercise reasonable care in its supervision of its agents, servants and/or employees.

55.   That as a direct and proximate cause of Defendant's improper supervision of its agents, servants and/or employees, Decedent died and suffered the aforementioned economic and non-

economic damages.

WHEREFORE, the Plaintiff, Torina Laroach, as the Personal Representative of the Estate of Shirley Coates, seeks judgment against the Defendant, Bridgepoint Healthcare, LLC, for the sum of Five Million Dollars ($5,000,000.00), plus interest and costs, as well as punitive damages in the amount of Ten Million Dollars ($10,000,000.00.)

Respectfully submitted:

THE VALENTE LAW GROUP

_____
John P. Valente, III (Federal ID #: 22233)
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
jvalente@jpvlawgroup.com
Counsel for Plaintiff

**JURY DEMAND**

The Plaintiff demands a trial by jury in the above-captioned matter.

_____
John P. Valente, III