# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **TORINA LaROACH**, |
| Plaintiff, |
| v. |
| **BRIDGEPOINT HEALTHCARE, LLC**, |
| Defendant. |

Case No. 18-cv-1096 (CRC)

## MEMORANDUM OPINION

It seems simple enough: for federal diversity jurisdiction to exist in a case, the plaintiff and defendant must be citizens of different states. 28 U.S.C. § 1332. Flesh-and-blood people are citizens of the state where they are domiciled; corporations are citizens where they are incorporated and where they are headquartered. Id. Things get murkier, however, when a court must determine the citizenship of entities that aren't quite people and aren't quite corporations— namely, partnerships, limited liability companies (LLCs), and trusts. See Carden v. Arkoma Assocs., 494 U.S. 185 (1990) (partnerships); Shulman v. Voyou, LLC, 305 F. Supp. 2d 36 (D.D.C. 2004) (LLCs); Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012 (2016) (trusts). This otherwise straightforward tort case is the rare one that requires the Court to navigate the rules for all three of those entities at once. It is a law professor's dream, a student's nightmare, and this Court's reality.

Though neither party has raised this issue, "no action [or inaction] of the parties can confer subject-matter jurisdiction upon a federal court." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Instead, federal courts can (and should) "raise lack of subject-matter jurisdiction on [their] own motion." Id.

This is a medical malpractice action involving a long-term care facility operated by the defendant. The suit does not present any federal law claims, so the Court has jurisdiction over it only if the parties are diverse. Plaintiff, a citizen of Maryland, pled that defendant "Bridgepoint Healthcare LLC, was a corporation licensed to do business in the District of Columbia." Second Amended Complaint ¶ 3. But Bridgepoint must be *either* an LLC *or* a corporation; it cannot be both. And the distinction matters a great deal in federal court, since different rules for determining citizenship apply to each. Bridgepoint identifies itself as an LLC, see Motion to Dismiss at 1, and the Court takes it at its word. For purposes of diversity jurisdiction, an LLC is deemed a "citizen of the jurisdiction of its members." Shulman, 305 F. Supp. 2d at 40; see Hoffman v. Fairfax Cty. Redevelopment & Hous. Auth., 276 F. Supp. 2d 14, 18 (D.D.C. 2003) ("[LLCs] are treated as analogous to partnerships, which carry the citizenship of their members.").

But nowhere in Plaintiff's pleadings or in Bridgepoint's submissions could the Court find any clue as to the composition of Bridgepoint LLC's membership. Wanting to assure itself of jurisdiction, the Court directed Bridgepoint to file a certification attesting to the citizenship of its members and to verify that no members are citizens of Maryland—since if any of them were, diversity would be destroyed. See 9/14/2018 Minute Order. The Court also provided a citation to Shulman, 305 F. Supp. 2d at 40, which makes clear that the citizenship of LLCs is determined by the citizenship of its members.

Bridgepoint's first response was a nonstarter. It informed the Court that Bridgepoint LLC's "sole member is a private institution investment LLC [named SPCP] that is incorporated in the state of Delaware, and has a principal place of business in the state of Connecticut." Def's Certification of Citizenship at 1. But that was no help. An LLC's state of "incorporation"

(which is a non-sequitur) and principal place of business are irrelevant to its citizenship. Shulman, 305 F. Supp. 2d at 40; Hoffman, 276 F. Supp. 2d at 18. That does not change when the defendant LLC has, as its sole member, another LLC. Instead, when an "LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) (quotation omitted). Said another way, Bridgepoint needed to identify the citizenship of the members of the LLC that was the lone member of *its* LLC—and that has nothing to do with where an LLC was "incorporated" or where its "principal place of business" is.

So the Court asked Bridgepoint to try again, see 9/18/2018 Minute Order, and again Bridgepoint's response was unavailing. This time, Bridgepoint said its sole member, the LLC named SPCP, had two members, "a Delaware Corporation, and a Delaware Limited Partnership." Def's Second Certification of Citizenship at 1. Bridgepoint apparently believed that resolved the Court's jurisdictional dilemma, but it actually complicated it. Limited partnerships are subject to the same citizenship test as limited liability companies; they are deemed citizens of wherever their members are domiciled. Carden, 494 U.S. at 192. A so-called "Delaware" partnership that has even a single Maryland partner would destroy diversity. But alas, Bridgepoint did not identify the membership of that partnership. So all the Court knew at that point was that Bridgepoint was an LLC, that its sole member was an LLC (SPCP), and that SPCP had a partnership as one of its members.

The Court tried to clarify this problem with Bridgepoint at a hearing. Analogizing to Russian nesting dolls, it told Bridgepoint that it needed to ascertain the citizenship of the partners in the Delaware limited partnership, and specifically whether any of them are citizens of

3

Maryland. 10/02/2018 Hr'g Tr. at 2-3. Bridgepoint's counsel acknowledged the problem, id. at 3, and a few weeks later followed up with a third certification of citizenship. Bridgepoint informed the Court that "at least one partner in the Delaware Limited Partnership is a trust entity incorporated in the State of Maryland." Def's Third Certification of Citizenship at 1. Learning that a trust factored into Bridgepoint's lineage—on top of an LLC and a partnership—added still more wrinkles to the Court's jurisdictional quandary.

Questions abound. For starters, when Bridgepoint asserted that the "trust entity" was "incorporated," did it mean that the trust entity is actually a corporation? The Court could not assume that is what Bridgepoint intended to say, since in the same certification it said that SPCP (Bridgepoint's sole LLC member) was "incorporated" in the state of Delaware—and LLCs by definition are *un*incorporated associations. But if in fact this trust entity *is* a legal corporation, it would be a citizen in the state of its incorporation (Maryland), and the certification would have verified that diversity is destroyed.

Alternatively, if Bridgepoint meant to say that the trust entity was merely established in Maryland, but never technically incorporated, that wouldn't help. Knowing where a trust is established is about as relevant to determining citizenship for diversity jurisdiction purposes as where a partnership or LLC is established—which is to say not at all. Rather, if this is what Bridgepoint intended to convey in its certification, it raised more questions than it answered. The Court would then need to know if this Maryland trust is a business trust or a "traditional" trust. The former is a "distinct legal entity" that "can be haled into court" or do the haling itself. Americold, 136 S. Ct. at 1016. Legal proceedings involving the latter, meanwhile, are "brought by or against the *trustees* in their own name." Id. (emphasis added). The distinction matters for diversity jurisdiction. The citizenship of a business trust is coextensive with the citizenship of its

members (sometimes called beneficiaries or shareholders), while the citizenship of a traditional trust is coextensive with the citizenship of the trustees. Wang by & through Wong v. New Mighty U.S. Tr., 843 F.3d 487, 494 (D.C. Cir. 2016), cert. denied sub nom. New Mighty U.S. Tr. v. Wang ex rel. Wong, 137 S. Ct. 2266 (2017).

So the Court put these questions to Bridgepoint. See 11/07/2018 Minute Order. Bridgepoint responded—and we have finally reached the bottom of this jurisdictional rabbit hole. Bridgepoint clarified that the Maryland trust entity it described was a traditional trust whose trustee is a citizen of Maryland. Def's Fourth Certification of Citizenship at 1. That means, as strange as it may seem, that Bridgepoint LLC—comprised of an LLC that has as a member an LP, which has as a member a trust, whose trustee is from Maryland—is a citizen of Maryland for diversity jurisdiction purposes. As a result, because Plaintiff is also a citizen of Maryland, diversity is defeated and the Court lacks subject-matter jurisdiction over the case. Plaintiff may, of course, seek to refile the case in a proper forum.

*   *   *

It may seem an odd exercise to dig this deeply to determine diversity jurisdiction, but that is what is required when an LLC or partnership or trust is party to a suit. The problem only deepens where, as here, an LLC's "members" are still more LLCs, partnerships, and trusts. But the difficulty must be confronted, and better sooner than later. Failing to check jurisdiction could have allowed this suit to progress well beyond a final judgment and into the court of appeals before recognizing the fatal flaw, wasting the clients' money and everyone's time. And though here the Court raised the jurisdictional concern itself, it feels constrained to remind the lawyers here—and everywhere—that they have a duty to do so themselves. Especially confounding in this instance is that the Court not only flagged the jurisdictional issue, but had to

explain three times over why the defendant's citizenship certifications were incomplete. "Lawyers for defendants, as well as plaintiffs, must investigate rather than assume jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters (as defendant's lawyers failed to do)." Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 693-94 (7th Cir. 2003).

Lacking subject-matter jurisdiction, the Court will dismiss the case. A separate Order shall accompany this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: December 7, 2018